KATHERINE A. MILLS, ESQ. (SBN 210820)

Neff Mills Professional Law Corporation

24025 Park Sorrento, #150, Calabasas, CA 91302

Tel: (310) 281-1655/ Fax: (310) 362-8986



FILED
CLERK. U.S. DISTRICT COURT

NOV 1 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

ATTORNEY for the Plaintiff

DR. ANDRE BERGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DR. ANDRE BERGER, an individual, and REJUVALIFE MEDICAL ASSOCIATES, A PROFESSIONAL CORPORATION, a California Corporation,

Plaintiff,

v.

NEW WORLD HEALTH, INC., and NEW WORLD HEALTH, INC. dba as the business entity RejuvalifeRx, and DOES 1 through 25, Inclusive

Defendants

CASE NO. CV13-08544 - SS

**VERIFIED COMPLAINT FOR:**

1) TRADEMARK INFRINGEMENT;

2) FALSE DESIGNATION OF ORIGIN & UNFAIR COMPETITION UNDER THE LANHAM ACT;

3) FALSE DESCRIPTION;

4) INJURY TO BUSINESS REPUTATION;

5) COMMON AND STATUTORY LAW TRADEMARK, TRADE NAME INFRINGEMENT, UNFAIR COMPETITION & DILUTION;

6) DILUTION OF TRADEMARK; and

7) VIOLATIONS OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

**DEMAND FOR JURY TRIAL**

- 1 -

The PLAINTIFFS DR. ANDRE BERGER and REJUVALIFE MEDICAL ASSOCIATES, A PROFESSIONAL CORPORATION for their Complaint, by and through their attorneys NEFF MILLS, PLC allege that:

*Facts Common to All Causes of Action*

I. JURISDICTION & VENUE

1.      This is an action in law and equity for: 1) trademark infringement, 2) false designation of origin and unfair competition under the Lanham Act, 3) false description, 4) injury to business reputation, 5) common and statutory law trademark, trade name infringement, unfair competition and dilution 6) dilution of trademark arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. and the common law of the State of California, and 7) violations of the Anticybersquatting Consumer Protection Act.

2.      This court has subject-matter jurisdiction pursuant to 28 U.S.C.A. §§ 1331, 1332 and 1338 and the principles of supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367. The amount in controversy, exclusive of interest and costs exceeds $1,000,000, and the Defendants are located outside of the State of California.

- 2 -

3.     The Venue is proper pursuant to 28 U.S.C.A. § 1391(b) and (c), and appropriate under the Local Rules of this Court, since the acts complained of here have taken place, at least in part, in Los Angeles County, California.

## II.  THE PARTIES

4.     The Plaintiff Dr. Andre Berger (hereinafter referred to as "Dr. Berger") is a physician carrying on business under the laws of the State of California, having a place of business at 9400 Brighton Way, #405, Beverly Hills, CA 90210, and carrying business on the Internet at various websites including www.rejuvalife.md.

5.     The Plaintiff Rejuvalife Medical Associates, A Professional Corporation, (hereinafter referred to as "Rejuvalife) is a California Corporation duly incorporated pursuant to the laws of the State of California having a place of business at 9400 Brighton Way, #405, Beverly Hills, CA 90210, and doing business on the Internet at various websites including www.rejuvalife.md.

6.     Upon information and belief, New World Health Inc., is a corporation incorporated pursuant to the laws of Pennsylvania, with a registered office

- 3 -

address at 1601 S 27th St, Philadelphia, Pennsylvania, doing business under the name RejuvalifeRx and carrying on business on the Internet on various websites including www.rejuvaliferx.com which domain name is registered with Network Solutions having a mailing address at PO Box 459, Drums, Pennsylvania, (hereafter referred to as "New World").

7.     Dr. Berger and Rejuvalife are unaware of the true names and capacities of the defendants sued herein as DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. The defendants sued herein as DOES 1 through 25, inclusive are believed by Dr. Berger and Rejuvalife to have been acting in concert with New World and Dr. Berger and Rejuvalife will amend this Complaint to allege these defendants' true names and capacities when ascertained. Dr. Berger and Rejuvalife are informed and believe and therefore allege that each of the fictitiously names defendants is responsible in some manner for the occurrences herein alleged, and Dr. Berger and Rejuvalife's injuries as herein alleged were proximately caused by such defendants. These fictitiously named defendants along with New the defendants named above, are herein referred to collectively as "Defendants".

- 4 -

8.      Dr. Berger and Rejuvalife are informed and believe, and thereon allege that at all times mentioned, each of Defendants are and have been the partners, joint venture participants, alter egos, and/or co-conspirators of each other. At all times mentioned, a unity of interest in ownership and other interests between each of the Defendants existed such that any separateness ceased to exist between them. The exercise of complete dominance and control over the other entities and their properties, rights and interests, rendered such entities as mere shells and instrumentalities of each other Defendant.

## III. FACTUAL BACKGROUND

9.      Dr. Berger and Rejuvalife commenced using the business name "Rejuvalife" before January 2000 in connection with marketing their anti-aging proactive health care program, anti aging medical care, and cosmetic procedures, plastic surgery, and various other rejuvenation services and products, including products that would support patients in anti-aging treatment and preventative care.

- 5 -

10.   Dr. Berger's and Rejuvalife's business services and products involve a combination of holistic medicine and traditional medicine including:

a)   individualized attention to address age-related concerns of patients;

b)   hormone replacement therapy;

c)   nutrition, fitness and weight loss including vitamins and other supplements;

d)   lifestyle strategies;

e)   non-surgical cosmetic treatments;

f)   nutritional supplements and skincare; and

g)   diagnostic testing.

11.   The processes listed in the preceding paragraph, in addition to others, are most often, pooled together to achieve a "total rejuvenation" and anti-aging process for each patient balancing inner health and well-being with outer beauty.

- 6 -

12.   Since before January 2000, Dr. Berger and Rejuvalife have carried out extensive advertising to market the trade name "rejuvalife" in conjunction with the anti-aging services and sale of products described above.

13.   Dr. Berger is the owner of the "rejuvalife" Federal Service Mark registered under no. 3004809, and has used this mark in the United States and around the world in connection with medical services, managed healthcare services, management of healthcare clinics for others, and anti-aging services, treatment.   Dr. Berger's trademarks and service marks have been in continuous use since before January 2000.

14.   Dr. Berger who carried on business as "Rejuvalife", incorporated the Plaintiff California Corporation "Rejuvalife Medical Associates, a Professional Corporation" on or about November 13, 2000, and has continued to carry on business under that name and variations of the "Rejuvalife" mark even before incorporation, including "Rejuvalife Vitality Institute" and "Rejuvalife.md" since before January 2000.

- 7 -

15.   Dr. Berger and Rejuvalife have carried out extensive Internet publicity and Website exposure, speaking engagements nationally and internationally, and many other campaigns to extend the market for their services and products nationwide and world-wide, and their website and various advertising placements on other websites have been visited by thousands of visitors annually.

16.   Dr. Berger and Rejuvalife have recently begun receiving phone calls and inquiries regarding products marked under "RejuvalifeRx", and upon investigation and inquiry recently discovered that the Defendants and/or each of them, have commenced business marketing a series of anti-aging supplements under the name "RejuvalifeRx" thus taking advantage of the investment of time and energy and cost incurred by Dr. Berger and Rejuvalife in establishing the "rejuvalife" brand name.

17.   Customers of the Defendants and customers of Dr. Berger and Rejuvalife have contacted the offices of Dr. Berger and Rejuvalife and have described their confusion over the relationship between the business owned and operated by Dr. Berger and Rejuvalife and the business owned and operated

- 8 -

by the Defendants believing that Dr. Berger and/or Rejuvalife either sold the RejuvalifeRx products, or endorsed them.

18.     The Defendants, appear to have utilized Dr. Berger's mark "rejuvalife" and the Rejuvalife corporate name to market their anti-aging supplements, and have increasingly promoted and advertised their products over the Internet thus trading on the goodwill established by Dr. Berger and Rejuvalife. Specifically, Defendants promote their anti aging supplement products under the trade name "RejuvalifeRx" advertising them as increasing vitality and youthfulness on their website www.rejuvaliferx.com in addition to other websites including: www.amazon.com and www.hrsupplements.com.

19.     Dr. Berger and Rejuvalife have attempted to contact the Defendants to demand that they cease and desist use of the term "rejuvalife" due to the increasing confusion resulting from their activities.  However, the Defendants have neglected and ignored the demands made by Dr. Berger and Rejuvalife.

20.     As a result of the Defendants' activities, members of the public and customers, and potential customers are being confused and deceived by the

- 9 -

marketing and promotion of the products offered by Defendants, and as such, the Defendants have knowingly caused actual confusion and deception and are likely to cause more confusion in the marketplace.

21.   The governing standard in trademark infringement actions is a likelihood of confusion. Whether two marks are likely to be confused depends on a number of factors, including the following: the type of trademark, the similarity of design, the similarity of the product, the identity of retail outlets and purchasers, the similarity of advertising media used, the defendant's intent, and evidence of actual confusion. The Defendants' marketing and promotion of their services and products online, and through other avenues is likely to cause confusion in the marketplace as to the ownership and source of services rendered to the public under the "rejuvalife" name in that Dr. Berger and Rejuvalife are marketing services and products to the same customers as those of the Defendants, namely customers looking to restore youth and vitality to their person.

22.   The Defendants' use of the mark "rejuvalife" constitutes infringement of Dr. Berger's registered statutory and common law federal and state

- 10 -

trademark rights, and the statutory and common law rights of Rejuvalife in protecting the goodwill of its business, in addition to the trademark rights arising out of systematic and continuous use in commerce and in interstate commerce in Los Angeles County, California and throughout the nation and worldwide on the Internet.

23.    Although intentional infringement is not necessary for a finding of likely confusion, the presence of that fact strengthens the likelihood of confusion. Many circuits have held that intent to infringe can be shown by circumstantial evidence. In the present case, even after having received a Cease & Desist letter from Dr. Berger and Rejuvalife's attorneys, the Defendants have refused to terminate their use of the "rejuvalife" mark.  This constitutes a deliberate copying of the mark, which has long been held to be an intentional trademark infringement. Defendants' use of the registered trademark is intentional and therefore entitles Dr. Berger and Rejuvalife to an award of treble actual damages and attorney's fees.

24.    Defendants' use of the mark and trade name "rejuvalife" in a fashion that has in the past caused confusion and in the future is likely to cause

- 11 -

confusion, mistake or deception among customers and potential customers of Dr. Berger and Rejuvalife as to the source or origin of the products provided by Defendants has causes significant and deliberate damage to Dr. Berger and Rejuvalife which gives rise to treble actual damage and attorneys fees.

25.     Defendants deliberately named their product using the trade name and service mark "rejuvalife," and they have circulated their products on the Internet and as a result, it is likely that existing customers and potential customers of Dr. Berger and Rejuvalife may consider that the establishments of Dr. Berger and Rejuvalife, and those of the Defendants as belonging to the same owner.

26.     The confusion, mistake or deception referred to above arises out of acts alleged above which constitute a false designation of origin as that phrase is used in 15 U.S.C.A. § 1125(a).

27.     The acts of the Defendants are likely to dilute Dr. Berger and Rejuvalife's famous and well known "Rejuvalife" mark insofar as Defendants' use of the

- 12 -

mark, trade name and as their brand name and in connection with their product and service sales, is likely to lessen the capacity of the famous "Rejuvalife" mark " to uniquely identify and distinguish the goods and services of Dr. Berger and Rejuvalife from competitors.

28.    The acts of Defendants constitute dilution of Dr. Berger's famous "rejuvalife" mark in violation of Section 43(c) of the Trademark Act of 1946, as amended, 15 U.S.C.A. § 1125(c).

29.    As to all of the above counts, Defendants' acts are irreparably damaging to Dr. Berger and Rejuvalife and will continue to so damage Dr. Berger and Rejuvalife until and unless restrained by this court.

30.    Dr. Berger and Rejuvalife reserve the right to amend the facts and allegations of these pleadings as necessary and as indicated by the facts as revealed to them through discovery and as permitted by the Federal Rules of Civil Procedure, the laws of this state and the United States, and as allowed under the notions of fair play and substantial justice.

- 13 -

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT

31.   Dr. Berger and Rejuvalife repeat and reallege each of the allegations contained in paragraphs 1 through 30 as if fully set forth here.

32.   The acts of the Defendants constitute infringement of Dr. Berger and Rejuvalife's registered "Rejuvalife" trademark, in violation of §32(1) of the Trademark Act of 1946, as amended, 15 U.S.C.A. § 1114(1).

33.   On information and belief, the acts of the Defendants were undertaken willfully and with the intention of causing confusion, mistake or deception.

34.   By reason of the acts Defendants, Dr. Berger and Rejuvalife have suffered and are suffering irreparable damage and, unless the Defendants are restrained from continuing their wrongful acts, the damage to Dr. Berger and Rejuvalife will increase.

35.   Dr. Berger and Rejuvalife have no adequate remedy at law to repair the damage caused and continuing to be caused by the Defendants' activities.

- 14 -

SECOND CLAIM

FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER
SECTION 43(a) OF THE LANHAM ACT

36.    Dr. Berger and Rejuvalife repeat and reallege each of the allegations contained in paragraphs 1 through 35 as if fully set forth here.

37.    The acts of the Defendants are likely to cause confusion, mistake or deception among purchasers, and potential purchasers, of the services and products offered for sale by Dr. Berger and Rejuvalife and those services and products sold by the Defendants by reason of the fact that purchasers, or potential purchasers,  are likely to believe that the Defendants' goods and services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by Dr. Berger and Rejuvalife.

38.    The confusion, mistake, or deception arises out of the acts of the Defendants which constitute false designation of origin and unfair competition in violation of § 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C.A. § 1125 (a).

- 15 -

39.    On information and belief, the acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

40.    By reason of the acts of Defendants, Dr. Berger and Rejuvalife have suffered, are suffering, and will continue to suffer, irreparable damage, and unless Defendants are restrained from continuing these wrongful acts, the damage to Dr. Berger and Rejuvalife will increase.

41.    Dr. Berger and Rejuvalife have no adequate remedy of law to repair the damage caused and continuing to be caused by the Defendants' activities.

## THIRD CLAIM
## FALSE DESCRIPTION

42.    Dr. Berger and Rejuvalife repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 41.

- 16 -

43.   The Defendants' wrongful use of Dr. Berger's mark and the Rejuvalife corporate name  in the context of providing healthcare services is such a colorable imitation and copy that in the context of the customers looking to improve their health and well-being and in the healthcare industry generally, it is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Dr. Berger's Rejuvalife's products, or to deceive consumers as to the origin, sponsorship or approval of Dr. Berger's and Rejuvalife's services and products.

44.   Dr. Berger and Rejuvalife aver that the Defendants' use of the  mark "rejuvalife" within their "rejuvaliferx" trade name comprises a false description or representation of Defendants' business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

## FOURTH CLAIM
## INJURY TO BUSINESS REPUTATION

45.      Dr. Berger and Rejuvalife repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 44.

- 17 -

46.   Dr. Berger and Rejuvalife alleges that the Defendants' wrongful use of Dr. Berger's trademark and Rejuvalife's corporate name inures to and creates and creates a likelihood of injury to Dr. Berger's and Rejuvalife's business reputation because persons encountering Dr. Berger and Rejuvalife and their products and services will believe that Dr. Berger and Rejuvalife is affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of its products and the nature of its business will injure the business reputation of Dr. Berger and Rejuvalife and the goodwill that it enjoys in connection with its mark "Rejuvalife".


### FIFTH CLAIM
### COMMON AND STATUTORY LAW TRADEMARK, TRADE NAME INFRINGEMENT, UNFAIR COMPETITION AND DILUTION

47.   Dr. Berger and Rejuvalife repeat and reallege each of the allegations contained in paragraphs 1 through 46 as if fully set forth here.


48.   By their acts, Defendants have engaged in trademark infringement, trade name infringement, and unfair competition under the common and statutory law of the State of California, and Federal law.

- 18 -

49.   Defendants have intentionally deceived the public by misrepresenting their services are in some way sponsored or authorized by Dr. Berger and/or Rejuvalife.

50.   On information and belief, the acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

51.   By reason of the acts of the Defendants, Dr. Berger has suffered, is suffering and will continue to suffer irreparable damage and, unless the Defendants are restrained from continuing their wrongful acts, the damage will be increased.

52.   Dr. Berger and Rejuvalife have no adequate remedy at law to repair the damage caused and continuing to be caused by the Defendants' activities.

## SIXTH CLAIM
## DILUTION OF TRADEMARK

53.   Dr. Berger and Rejuvalife repeat and reallege each of the allegations each of the allegations contained in paragraphs 1 through 52 as if fully set forth here.

- 19 -

54.   Defendants' unauthorized use of Dr. Berger's and Rejuvalife's famous "Rejuvalife" mark is likely to cause dilution by blurring or dilution by tarnishment in violation of 15 U.S.C.A. § 1125(c).

55.   By reason of the acts of Defendants, Dr. Berger and Rejuvalife have suffered, are suffering and will continue to suffer irreparable damage and, unless Defendants are restrained from continuing their wrongful acts, the damage will be increased.

56.   Dr. Berger and Rejuvalife have no adequate remedy at law to repair the damage caused and continuing to be caused by the Defendants' activities.

### SEVENTH CLAIM
### VIOLATIONS OF THE ANTICYBERSQUATTING
### CONSUMER PROTECTION ACT

57.   Dr. Berger and Rejuvalife repeat and reallege each of the allegations each of the allegations contained in paragraphs 1 through 56 as if fully set forth here.

- 20 -

58.    Upon information and belief, Defendants have a bad faith intent to profit from the registration and use of the Internet domain name "rejuvaliferx.com" by creating an association with Dr. Berger and Rejuvalife's famous "rejuvalife" trademark as to a source of sponsorship.

59.    The domain name portion of the rejuvaliferx.com Internet domain name is confusingly dimilar to, and dilutes the distinctive qualify of, Dr. Berger's and Rejuvalife's famous "rejuvalife" trademark.

60.    Dr. Berger and Rejuvalife have been damaged by the Defendants' unlawful use of the "rejuvaliferx.com" domain name and will suffer irreparable harm.

61.    Defendants' acts, as aforesaid, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

- 21 -